**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julian E Gaytan, | No. CV-18-00358-PHX-SRB (ESW) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| WF CRD SVC, | |
| Defendants. | |

**TO THE HON. SUSAN R. BOLTON, SENIOR UNITED STATES DISTRICT COURT JUDGE:**

On February 1, 2018, pro se prisoner Julian E. Gaytan ("Plaintiff") filed a Civil Rights Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983. On August 20, 2018, Plaintiff's Amended Complaint was screened and filed (Doc. 12). On May 29, 2018, the Court issued an Order advising Plaintiff of his obligation to file a notice of change of address (Doc. 8 at 4). It is assumed Plaintiff received the Order as it was not returned as undeliverable.

On August 20, 2018, the Court issued an Order (Doc. 11) granting Plaintiff's Motion for Leave to File Amended Complaint. The Order was mailed to Plaintiff but was returned to sender as undeliverable and "unable to forward." (Doc. 13). On September 25, 2018, the Court ordered Plaintiff to show cause no later than October 27, 20128 why his action should not be dismissed without prejudice for failure to comply with the Corut's order requiring Plaintiff to file a notice of change of address and for

failure to prosecute (Doc. 14). The Court's Order was mailed to Plaintiff at his last known address, and the Order was again returned to sender as "Attempted-Not Known/Unable to Forward." (Doc. 15). As of the date of filing this Report and Recommendation, the Plaintiff has not filed a response to the Court's Order (Doc. 14) as required, and the time to do so has passed. Nor has the Plaintiff filed a Notice of Change of Address.

**I. DISCUSSION**

Plaintiffs have the general duty to prosecute their case. *See Fidelity Phila. Trust Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978) ("It is a well established rule that the duty to move a case is on the plaintiff and not on the defendant or the court."). "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). A plaintiff's failure to keep the Court informed of his address constitutes a failure to prosecute.

Federal Rule of Civil Procedure 41(b) provides that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute, even though the language of Federal Rule of Civil Procedure 41(b) appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a pleading for failure to prosecute even without notice or hearing. *Link*, 370 U.S. at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of

these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to keep the Court informed of his current address prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. The undersigned finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as adjudication upon the merits "[u]nless the dismissal order states otherwise." The Court may dismiss the case without prejudice.

Plaintiff has not informed the Court of his new address despite having been ordered to do so. Mail to Plaintiff has been returned and cannot be forwarded. Plaintiff has abandoned his case. The undersigned will recommend dismissal of Plaintiff's Amended Complaint (Doc. 12) without prejudice.

## II. CONCLUSION

For the reasons set forth herein,

**IT IS RECOMMENDED** that the Amended Complaint (Doc. 12) be dismissed without prejudice for Plaintiff's failure to comply with the Court's Orders and to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a) (1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the

District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 5th day of November, 2018.

Honorable Eileen S. Willett
United States Magistrate Judge